```
1  BENJAMIN B. WAGNER
   United States Attorney
2  GLEN F. DORGAN
3  Assistant United States Attorney
   United States Courthouse
4  2500 Tulare Street, Suite 4401
5  Fresno, California 93721
   Telephone: (559) 497-4080
6  Facsimile: (559) 497-4099
7
   Attorneys for Plaintiff, HILDA L. SOLIS, Secretary of Labor,
8  United States Department of Labor
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL EMERGENCY MEDICAL SERVICES ASSOCIATION, <br><br> Defendant. | Case No. <br><br> COMPLAINT <br><br> For Violation of Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C § 482 |

Plaintiff, Hilda L. Solis, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483 (the "Act").

2. Plaintiff seeks an injunction ordering the defendant to install James Gambone (Gambone) to the office of President, and enjoining the defendant from removing Gambone from office on the grounds that he was not eligible to run for, or hold, office.

3. In the alternative, the plaintiff seeks an order directing a new election for the office of President under the supervision of the plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

5. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, Hilda L. Solis, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402 (b) of Title IV of the Act (29 U.S.C. § 482(b)).

7. Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 4701 Sisk Road, Suite 102, City of Modesto, County of Stanislaus, State of California, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

8. Defendant is, and at all times relevant to this action has been, a labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. §§ 402(i) and 402(j).

9. Defendant, purporting to act pursuant to its Constitution and Bylaws, conducted an election of officers on July 12, 2010, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

10. As a member in good standing of the defendant nominated to be a candidate for the office of President, Gambone's name should have been, but was not, placed on the ballot.

///

_____
COMPLAINT

11. Gambone, a member in good standing of the defendant, received by write-in ballots the highest number of votes for the office of President during the tally held on July 12, 2010. The defendant refused to install Gambone as the winning candidate for the office of President.

12. By letter dated July 19, 2010, to the defendant's Board of Director, Gambone, along with other members of the defendant, protested the election.

13. By letter dated July 29, 2010, addressed to the general membership, the defendant's Board of Directors issued a general denial of the protest, without formally denying Gambone's protest.

14. On July 30, 2010, a recount of the votes was conducted, at which time the votes cast for Gambone were not included.  Again, the defendant refused to install Gambone as President.

15. On August 2, 2010, Gambone filed a Demand for Arbitration with the American Arbitration Association (AAA) requesting that the election dispute be arbitrated.

16. On August 24 and 25, 2010, an arbitration hearing was held.

17. On August 27, 2010, the winning candidates whose names appeared on the ballot were installed into office.

18. On September 2, 2010, an arbitration award was issued in Gambone's favor, finding that Gambone received the plurality of the valid votes cast and ordering the installation of Gambone as President of the defendant.

19. Article XIII, section 1(A) of the NEMSA Constitution and Bylaws provides:

> Members shall submit to final and binding arbitration any
> dispute between them and [NEMSA] involving . . . [c]laims
> alleging any violation of these Bylaws owed to any member
> by the [NEMSA] Board [of Directors] or any officer of [NEMSA].

///

Thus, by the terms of the Constitution and Bylaws, the arbitration decision is the "final" decision of NEMSA and "binding."

20.  Having received a final decision from the defendant, Gambone, a member in good standing, filed an election complaint with the Department on September 27, 2010.  The complaint was timely filed under section 402(a)(1) of the Act, 29 U.S.C. § 482 (a)(1).  Gambone also filed a complaint with the Department on November 6, 2010, which was timely filed under section 402(a)(2) of the Act, 29 U.S.C. § 482 (a)(2).

21.  In a series of letters, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended to March 28, 2011.

22.  Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the defendant's July 12, 2010, election; and (2) that such violations had not been remedied at the time of the institution of this action.

FIRST CAUSE OF ACTION

23.  Defendant violated section 401(e) of the Act (29 U.S.C. § 481(e)), during the conduct of the aforesaid election by denying a member in good standing, who was actively contesting his termination from employment, the right to be a candidate and run for office.

24.  Defendant violated section 401(e) of the Act (29 U.S.C. § 481(e)) during the conduct of the aforesaid election by denying a member in good standing, who was duly elected president, the right to hold and serve in that position.

///

25.  The violations of section 401(e) of the Act (29 U.S.C. § 481(e)) may have affected the outcome of the defendant's July 12, 2010 election for the office of President.

PRAYER FOR RELIEF

26.  WHEREFORE, the plaintiff requests that this Court:

(a)  enter an injunction ordering the defendant to install James Gambone to the office of President of National Emergency Medical Services Association, and prohibiting the defendant from removing him from office on the ground that he was not eligible to run for, or hold, office;

(b)  enter, in the alternative, an order directing a new election for the office of President under the supervision of the plaintiff;

(c)  enter an order for the costs of this action; and

(d)  enter an order for such other relief as may be appropriate.

Dated: March 28, 2011.

Respectfully submitted,

| | |
|---|---|
| M. PATRICIA SMITH | TONY WEST |
| Solicitor of Labor | Assistant Attorney General |
| | |
| BEVERLY DANKOWITZ | BENJAMIN B. WAGNER |
| Acting Associate Solicitor | United States Attorney |
| | |
| LAWRENCE BREWSTER | |
| Regional Solicitor | By:   /s/ Glen F. Dorgan |
| | GLEN F. DORGAN |
| | Assistant United States Attorney |
| OF COUNSEL | Attorneys for Plaintiff |
| | HILDA L. SOLIS, Secretary of Labor, |
| CLINTON WOLCOTT | United States Department of Labor |
| Counsel for Legal Advice | |
| | |
| WILLIE B. WHITE | |
| Senior Attorney | |