UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL EMERGENCY MEDICAL SERVICES ASSOCIATION,<br><br>  Defendant. | CASE NO. 1:11-CV-0529 AWI GSA<br><br>ORDER RE: MOTION TO VACATE ORDER FOR MOOTNESS |

**I. History**

Plaintiff Department of Labor ("DOL") is representing James Gambone ("Gambone") who was seeking to become the president of the board of directors of Defendant National Emergency Medical Services Association ("NEMSA"), a union of emergency medical technicians ("EMT") headquartered in Modesto, California. Gambone was an EMT working for third party American Medical Response ("AMR"). In 2006, NEMSA hired Gambone part time to organize his co-workers. After NEMSA was certified to represent AMR's workers, Gambone worked simultaneously for NEMSA and AMR until August 29, 2007 when he was fired by AMR. NEMSA, on behalf of Gambone, challenged the termination with the National Labor Relations Board ("NLRB"), alleging the termination was in retaliation for protected union activity. In the interim, Gambone worked for NEMSA full time. While NEMSA's rules state that an individual had to actively work as an EMT to be a member of NEMSA, the rules also

1

provide for continued membership of former EMTs who are challenging their termination.

    NEMSA scheduled elections to be held during the summer of 2010 for the positions of president and secretary of the board of directors of NEMSA.  The term of office is three years.  Gambone, seeking to be put on the ballot, submitted paperwork nominating himself as president.  NEMSA refused to include Gambone on the ballot arguing that Gambone did not meet the eligibility requirements.  Gambone then launched a write-in campaign.  The ballots were sent out with directions that they had to be received by July 9, 2010.  On July 12, 2010, the ballots were counted.  Also running for president were Larry Lucas ("Lucas") and Torren Colcord ("Colcord"), the incumbent president.  NEMSA did not count the ballots in which members wrote in Gambone's name and declared Lucas the winner, asserting that NEMSA's bylaws do not provide for the acceptance of write-in votes.  Gambone wrote NEMSA on July 19, 2010 to contest the results.  NEMSA rejected Gambone's challenge.  NEMSA recounted the ballots on July 30, 2010 and again declared Lucas the winner.

    Meanwhile, Gambone, as an employee of NEMSA, organized a new union of NEMSA employees, the NEMSA Representatives Employee Association ("REA").  While NEMSA is a union itself, NEMSA employees (distinct from EMTs who are members of the NEMSA union and work for third parties like AMR) formed REA.  Gambone became interim president of REA and filed a petition with the NLRB seeking certification on May 3, 2010.  NEMSA offered to recognize the REA by letter dated May 5, 2010.  NEMSA then fired Gambone on May 10, 2010.

    On August 2, 2010, Gambone sought arbitration of the election dispute in accord with NEMSA bylaws.  On August 24 and 15, 2010, Gambone and NEMSA took part in an arbitration hearing which took place at NEMSA's headquarters.  NEMSA objected to the arbitrability of the dispute, arguing that Gambone was not a NEMSA union member covered by the bylaws.  Upon the arbitrator's announcement of a preliminary conclusion that the dispute was arbitrable, NEMSA withdrew from the proceedings and ordered the arbitrator and Gambone to vacate the premises.  The arbitration proceeded at another location without NEMSA's participation.  On September 2, 2010, the arbitrator found in favor of Gambone and ordered his installation as president of NEMSA.  Thereafter, Gambone resigned as interim president of REA.  Sometime

after the arbitration award, Gambone and allied NEMSA union members took control of NEMSA headquarters for a few days before Colcord had him evicted from the building. Lucas resigned as president of NEMSA on December 8, 2010. NEMSA's board of directors appointed Eric Stephens, the then vice president, as president.

Meanwhile, Gambone filed a complaint with DOL on September 27, 2010. DOL investigated the matter. DOL's tabulation of the presidential election ballots concluded that Gambone received 205 votes compared with Lucas's 128 votes and Colcord's 111 votes. At an unspecified date, NEMSA filed suit in Stanislaus County Superior Court against Gambone and the other individuals who took over the headquarters, alleging (among other claims) theft, trespass, and breach of fiduciary duties. The state court case was stayed on November 9, 2010 pending DOL action.

DOL brought this present suit on March 28, 2011, under Title IV of the Labor-Management Reporting and Disclosure Act ("LMRDA"), alleging NEMSA violated union election procedures set out in 29 U.S.C. §481. DOL sought to have Gambone installed as NEMSA president or, in the alternative, for new elections under DOL supervision. Doc. 23, Part 2, First Amended Complaint. DOL also filed a motion for preliminary injunction seeking to have Gambone installed as president pending resolution of the case. Doc. 4. On June 10, 2011, this court denied the motion, ruling that Title IV did not allow for installation of Gambone as interim relief. Doc. 35. Subsequent to that ruling, on June 24, 2011, the NLRB sent Gambone a letter declining to file a complaint against AMR. Doc. 47, Ex. 1. The NLRB decision ends Gambone's attempts to be reinstated as an EMT with AMR.

DOL then sought and was granted leave to amend. The second amended complaint withdrew the DOL's request to have Gambone installed as NEMSA president; the relief requested is for new elections conducted under DOL supervision. Doc. 54. DOL now moves to have the June 10, 2011 order denying preliminary injunction vacated for mootness. Doc. 56. NEMSA opposes the motion. Doc. 62. The matter was taken under submission without oral argument.

3

## II. Legal Standards

"[A] case is moot when events prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant." <u>Garcia v. Lawn</u>, 805 F.2d 1400, 1402 (9th Cir. 1986), citations omitted. "The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in <u>Duke Power Co. v. Greenwood County</u>, 299 U.S. 259, 267 [(1936)], to be 'the duty of the appellate court.' That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary." <u>United States v. Munsingwear, Inc.</u>, 340 U.S. 36, 39-40 (1950). This conclusion, vacation of rulings mooted by circumstances unattributable to any of the parties, was more recently reaffirmed by the U.S. Supreme Court. <u>United States Bancorp Mortg. Co. v. Bonner Mall P'ship</u>, 513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment"). When mootness happens by happenstance, vacation should be automatic. <u>Koch v. Schriro</u>, 399 F.3d 1099, 1101 (9th Cir. 2005), citing <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1372 (9th Cir. 1995). An order granting or denying a preliminary injunction is subject to this analysis. See <u>Forest Serv. Emples. v. United States Forest Serv.</u>, 408 F. Supp. 2d 916, 920 (N.D. Cal. 2006).

## III. Discussion

Gambone filed a charge with the NLRB alleging that AMR fired him in retaliation for his union activity. The NLRB referred the matter to arbitration; the arbitrator ruled that while AMR did retaliate, Gambone's termination was unrelated. On June 24, 2011, the NLRB wrote Gambone a final letter stating the NLRB would not file a complaint against AMR. Doc. 47, June 24, 2011 Letter, (4 of 9). Under NEMSA rules, Gambone remained a member of NEMSA even though he was not an active EMT while challenging his termination by AMR. DOL argues that

4

with the NLRB ruling, Gambone is no longer a member of NEMSA and is thus no longer eligible to be installed as president.  DOL contends that the NLRB ruling has mooted its request to have Gambone installed as president and its motion for preliminary injunction.  As DOL can no longer appeal the adverse ruling denying the motion, it asks to have it vacated for mootness.  The DOL and NLRB function independently; there is no indication the DOL had any hand in the NLRB proceedings.  The NLRB ruling must be considered happenstance.

NEMSA argues that the NLRB ruling does not moot the request to install Gambone since the ruling is appealable to the federal courts: "Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any court of appeals of the United States in the circuit wherein the unfair labor practice in question was alleged to have been engaged in." 29 U.S.C. §160(f).  DOL points out that provision only applies in cases where a complaint has been filed: "Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board, or any agent or agency designated by the Board for such purposes, shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board." 29 U.S.C. §160(b).  In this case, the NLRB's ruling denied Gambone's request to issue a complaint.  "In the case of decisions not to file a complaint, the memoranda effect as 'final' a 'disposition,' as an administrative decision can - representing, as it does, an unreviewable rejection of the charge filed by the private party." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 155 (1975).  It does not appear that Gambone can appeal the NLRB's ruling.

NEMSA also argues that this situation falls under an exception to the mootness doctrine which "involve wrongs that are capable of repetition, yet evading review." Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1141 (9th Cir. 2005), citations omitted.  In general, "the 'capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975).  There is no argument that this case involved any action of short duration such that it

5

escapes review.  NEMSA does argue that circumstances might somehow arise such that the issue of Gambone's installation would arise in the future.  The court can not conceive of such a scenario.  Further, DOL states "the Department of Labor may not now, or in the future, base its installation request on Gambone's membership status." Doc. 63, Reply, at 3:24-25.  DOL acknowledges that Gambone is not a member of NEMSA and can not be president of NEMSA without being a member of NEMSA.  The court relies upon the DOL's firm statement in ruling on this motion; in future proceedings, judicial estoppel may apply.  The mootness exception does not apply.

### IV. Order

The Department of Labor's motion to vacate the June 9, 2011 Order due to mootness of the relief requested is GRANTED.

IT IS SO ORDERED.

Dated:     March 16, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE