BENJAMIN B. WAGNER
United States Attorney
GLEN F. DORGAN
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4080 (telephone)
(559) 497-4099 (facsimile)

Attorneys for Plaintiff HILDA L. SOLIS, Secretary of Labor, U.S. Dept. of Labor

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL EMERGENCY MEDICAL SERVICES ASSOCIATION,<br><br>Defendant. | CASE NO. 1:11-cv-00529 AWI-GSA<br><br>**STIPULATION OF SETTLEMENT** |

It is hereby stipulated that the Plaintiff, Hilda L. Solis, Secretary of Labor (Secretary), and the Defendant, National Emergency Medical Services Association (NEMSA), by and through their undersigned counsel hereby agree to the settlement of these disputes as follows and respectfully request that the court so order:

1. The Secretary brought the following action pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (as amended), 29 U.S.C. § 401, et seq., (hereinafter referred to as the Act): Case No. 1:11-CV-00529-AWI-GSA ("the Action").

2. In the Action, the Secretary alleged that, in or about 2010, (i) the Defendant denied a member in good standing, who was actively contesting his termination from employment, the right to be a candidate and run for office, and (ii) the Defendant's actions violated section 401(e) of the Act (29 U.S.C.

§481(e)).  The Secretary brought the Action for the purpose of voiding the Defendant's July 2010 election for the office of President and ordering that the Defendant conduct a new election for President under the supervision of the Secretary of Labor.

3. NEMSA denies the allegation of the Action and contends that it complied with the Act in all respects in 2010.

4. The Parties, in settlement of the Action, hereby stipulate and agree that the Defendant shall conduct prior to November 30, 2012, under the supervision of the Secretary, an election of officers, including nominations, for the position of President.

5. The Parties agree that the term of office for the position of President shall be from the date of installation until the term expires no later than June 30, 2013.

6. The Parties agree that the supervised election shall be conducted in accordance with Title IV of the Act, 29 U.S.C. §§ 481-484, and, insofar as lawful and practicable, in accordance with the NEMSA Constitution and Bylaws.

7. For this supervised election, the Secretary will enforce any established NEMSA policy concerning write-in votes that is communicated to the members prior to the mailing of ballots.

8. All decisions as to the interpretation or application of Title IV of the Act and the NEMSA Constitution and Bylaws relating to the supervised election are to be determined by the Secretary, and her decisions shall be final and binding, except as subject to review by the court.

9. The Parties agree that upon approval of this stipulation by the Court and until the ballot tally, the Election Supervisor will make arrangements to review and approve all written communications from NEMSA to its membership, including postings to the NEMSA website, prior to NEMSA sending or posting such communications to its membership.

10. The Court shall retain jurisdiction of the Action.  After completion of the supervised election, the Secretary shall certify to the Court the name of the person so elected, that such election was conducted in accordance with Title IV of the Act, and, insofar as lawful and practicable, that the election was conducted in accordance with the NEMSA Constitution and Bylaws.  Upon the Court's receipt and approval of such certification, the Court shall enter a decree declaring that such person has been elected as shown by such certification to serve as the duly elected officer of NEMSA.  Following the Court's decree,

the Department's involvement in this dispute will be ended, and NEMSA shall return to self-governance subject to the Act and the Secretary's authority to enforce the Act.

11. Each party agrees to bear its own costs, fees, and other expenses incurred by such party in connection with any stage of this proceeding.

Respectfully submitted,

Dated: July 9, 2012

BY:   /s/ Glen F. Dorgan
GLEN F. DORGAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California  93721
(559) 497-4080 (telephone)
(559) 497-4099 (facsimile)


(As authorized 7/9/12)

/s/ Geoffrey O. Evers
Geoffrey O. Evers
Evers Law Group, P.C.
641 Fulton Ave., Suite 200
Sacramento, California 95825
(916) 974-3000 (telephone)
(916) 720-0332 (facsimile)